**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**AARON L. BOLTON**                                                                                             **PLAINTIFF**

**v.**                                                  **3:10CV00011BSM/HLJ**

**LARRY MILLS, et al.**                                                                                   **DEFENDANTS**

**ORDER**

The order dated January 20, 2010 (Doc. No. 3) granted plaintiff's application to proceed *in forma pauperis* in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable a determination whether it was frivolous, malicious, or failed to state a claim, the court directed plaintiff to amend his complaint. Plaintiff has now filed an amended complaint (Doc. No. 5).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), complaints must be seeking relief against an officer or employee of a governmental entity must be screened, and if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief, the complaint must be dismissed. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

All factual allegations must be weighed in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In his original complaint, plaintiff named several individuals as defendants in the caption, but failed to include specific allegations against those individuals in the body of his complaint. In the January 20, 2010 order, the plaintiff was directed to more clearly state his allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated plaintiff's constitutional rights. In his amended complaint, however, plaintiff again fails to include any allegations against defendants Mills, Arnold, Allison, Benett, and Heifner. Therefore, these defendants should be dismissed from plaintiff's complaint for plaintiff's failure to state a claim for relief.

With respect to defendant Ron Hunter, plaintiff alleges that he ordered excessive bail for plaintiff in his capacity as the Poinsett County Municipal Judge. Defendant Hunter also should be dismissed, because judges who are sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-7 *reh'g denied*, 436 U.S. 951 (1978).

Finally, with respect to defendant Ron Martin, plaintiff alleges he read a statement in plaintiff's court hearing. However, plaintiff does not allege any specific unconstitutional actions by defendant Martin. Therefore, he also should be dismissed.

Further, service was appropriate only for defendant Barret on plaintiff's allegation of unlawful arrest. Accordingly, the Clerk of the Court shall prepare summons for the

defendant and the United States Marshal is hereby directed to serve a copy of the original (Doc. No. 2) and amended complaints (Doc. No. 5) and summons on defendant without prepayment of fees and costs or security therefore.

Defendants Mills, Arnold, Allison, Benett, Heifner, Martin, and Hunter are DISMISSED from plaintiff's complaint because the plaintiff failed to state a claim against them.

IT IS SO ORDERED this 2nd day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE